IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DINEH BENALLY,

      Plaintiff,

v.                                                                                         No.  13cv900 WJ/SCY

ACTING NAVAJO REGIONAL DIRECTOR,
BUREAU OF INDIAN AFFAIRS,
*Individually and in his capacity as Director*,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to Proceed on Appeal In Forma Pauperis in the Court of Appeals, Doc. 53, filed October 31, 2016.  The Court **CERTIFIES** that Plaintiff's appeal is not taken in good faith and **DENIES** the motion.

On September 12, 2016, United States Magistrate Judge Steven C. Yarbrough recommended that the Court affirm the Interior Board of Indian Appeals' decision upholding the bureau of Indian Affairs' cancellation of a business lease between Plaintiff and the Navajo Nation.  *See* Proposed Findings and Recommended Disposition, Doc. 47.  Judge Yarbrough notified that parties that they "must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition."  Proposed Findings and Recommended Disposition at 14.  No parties filed objections to the Proposed Findings and Recommended Disposition.  The Court, after reviewing the record, adopted the Proposed Findings and Recommended Disposition, affirmed the decision of the Interior Board of Indian Appeals, and dismissed Plaintiff's Complaint with

prejudice.  *See* Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Doc. 48, filed September 30, 2016.

On October 31, 2016, Plaintiff filed a Notice of Appeal, Doc. 52, a Motion for Leave to Proceed on Appeal In Forma Pauperis, Doc. 53, and an Affidavit in Support of the Motion to Proceed on Appeal in Forma Pauperis, Doc. 54.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.; see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff states that his issues on appeal are:

1. I do not own any real estate, stocks, bonds, or notes.

2. I have three (3) children under the age of nine (9) years old that depend on me for support.

3. I do not own any cash, or checking or saving account.

Affidavit at 1.  Plaintiff has not set forth any argument of error regarding the Court's adoption of the Proposed Findings and Recommended Disposition, affirmance of the decision of the Interior Board of Indian Appeals, or the dismissal of Plaintiff's Complaint with prejudice.

The Court concludes that Plaintiff's appeal is not taken in good faith and that his Motion for Leave to Proceed on Appeal In Forma Pauperis must be denied because he has not set forth any arguments of error and has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

Plaintiff is also "requesting an attorney to represent him as appellant in conducting this appeal, pursuant to the provision of Section 1915, Title 28, United States Code." Motion ¶3 at 1. Section 1915(e)(1) states: "The court may request an attorney to represent any person unable to afford counsel." The Court will deny the request for appointment of counsel for the following reasons. First, Plaintiff is not proceeding *in forma pauperis* in this case pursuant to Section 1915 and the Court is denying his Motion to proceed *in forma pauperis* on appeal. *See* Doc. 2, filed September 18, 2013 (Plaintiff paid the District Court filing fee instead of filing an application to proceed *in forma pauperis*). Second, Plaintiff's appeal is meritless. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (in deciding a motion for appointment of counsel, courts should consider factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims"). Finally, the Tenth Circuit "does have a plan 'to provide representation in special cases for persons who are financially unable to obtain the services of counsel.' However, under this plan, [the Tenth Circuit] may appoint counsel only when a number of requirements are met."[1] *Evans-Carmichael v. United States*, 250 Fed.Appx. 256, 260

---

[1] Those criteria are:
1. the person is financially unable to obtain the services of counsel;
2. the person is not entitled to appointed counsel under the provisions of the Criminal Justice Act or other source of legal assistance;

(10th Cir. 2007) (quoting 10th Cir. Rules, Add. II, Plan for Appointment of Counsel in Special Civil Appeals).  It appears that Plaintiff's request for appointment of counsel in his civil appeal should be presented to the Tenth Circuit.  *See Steadman v. Rock Mountain News*, 72 F.3d 138 (10th Cir. 1995) (denying plaintiff's request for appointment of counsel on appeal); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (stating Tenth Circuit appointed counsel to address the issues raised by plaintiff's appeal).

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed on Appeal In Forma Pauperis in the Court of Appeals, Doc. 53, filed October 31, 2016, is **DENIED.**

**THE COURT CERTIFIES** that Plaintiff's appeal is not taken in good faith.

_____
**UNITED STATES DISTRICT JUDGE**

---

3. the litigation presents complex and significant legal issues, the outcome of which may have wide impact;
4. it is manifestly clear that the services of counsel are necessary for the effective presentation of the issues to the court; and
5. the interests of justice require that counsel be assigned to assist the litigant who would otherwise be compelled to proceed *pro se.*

10th Cir. Rules, Add. II, Plan for Appointment of Counsel in Special Civil Appeals.